September 9, 2025
pacts id: 2075952

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Brendon Abraham Perales-Trujillo (English)    **Dkt. No.:** 22CR10049-001-RBM

**Reg. No.:** 54702-298

**Name of Sentencing Judicial Officer:** The Honorable Douglas L. Rayes, U.S. District Judge. On May 6, 2022, jurisdiction of this matter was transferred from the District of Arizona and assigned to the Honorable Ruth Bermudez Montenegro, U.S. District Judge, for all further proceedings.

**Original Offense:** 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), Possession with Intent to Distribute 40 grams or more of Fentanyl, a Class B Felony.

**Date of Sentence:** April 30, 2021

**Sentence:** 24 months' custody; 60 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.) (Special Conditions: Refer to Judgment and Commitment Order.)*

**Modifications:** On January 21, 2022, the conditions of Mr. Perales-Trujillo's supervised release were modified to update the mandatory drug testing condition, allow travel to Mexico, and require Mr. Perales-Trujillo to report all vehicles to the probation officer. On February 13, 2024, the conditions of Mr. Perales-Trujillo's release were modified to add the updated standard search condition and remit the search condition originally imposed. On September 30, 2024, the conditions of Mr. Perales-Trujillo's release were modified to add 90 days of punitive placement at the Residential Reentry Center (RRC). On December 17, 2024, the conditions of Mr. Perales-Trujillo's release were modified to add 60 days of punitive placement at the Residential Reentry Center (RRC).

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** March 8, 2022

**Asst. U.S. Atty.:** U.S. District Attorney's Office    **Defense Counsel:**    Federal Defender's Office

**Prior Violation History:** Yes.  See prior court correspondence.

---

## PETITIONING THE COURT

**TO ISSUE A BENCH WARRANT**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. | 1. On or about August 2, 2025, Mr. Perales-Trujillo drove a vehicle while under the influence of alcohol, in violation of Section 23152(a) of the California Vehicle Code, as evidenced by El Centro Police Department's Incident Report No. 25-018711. |
| | 2. On or about August 2, 2025, Mr. Perales-Trujillo drove a vehicle while under the influence of alcohol and with a blood alcohol content (BAC) of .08% or more, in violation of Section 23152(b) of the California Vehicle Code, evidenced by El Centro Police Department's Incident Report No. 25-018711. |

***Grounds for Revocation:*** As to Allegations 1 and 2, the undersigned received and reviewed El Centro Police Department's Incident Report No. 25-018711. The report indicates that on August 2, 2025, at approximately 0409 hours, Officer Flores of the El Centro Police Department was driving in the area of La Brucherie Avenue and Hamilton Avenue, in El Centro, when he noticed a vehicle traveling eastbound. Officer Flores noticed the vehicle was missing a front license plate. As the vehicle passed, the officer noticed the license plate lights were not working. The vehicle was described to be a Dodge Durango, and a traffic stop was ultimately conducted on the vehicle. The driver of the vehicle was subsequently identified as Mr. Perales-Trujillo. Upon speaking with Mr. Perales-Trujillo, Officer Flores detected an odor of an alcoholic beverage emitting from his person.

A record check was then conducted and dispatch advised Officer Flores that Mr. Perales-Trujillo's license was suspended for a prior driving under the influence arrest. Mr. Perales-Trujillo admitted to having consumed an Ultra beer. The officer informed Mr. Perales-Trujillo that he would be subject to a driving under the influence investigation to determine any impairments. After being administered a series of exams, a Preliminary Alcohol Screening (P.A.S.) was administered, and it resulted in a sample that registered .18% BAC. Based on Officer Flores' observations and Mr. Perales-Trujillo's performance on his exams, Mr. Perales-Trujillo was placed under arrest for driving under the influence, a violation of Sections 23152(a) and 23152(b) of the California Vehicle Code. Mr. Perales-Trujillo was transported to the El Centro Police Department where he provided a chemical breath evidentiary test, which resulted in a .18% BAC. A citation was issued to Mr. Perales-Trujillo, and he was released to his girlfriend from the police department with a copy of his citation.

| | |
|---|---|
| **(Special Condition)**<br>You must not use or possess alcohol or alcoholic beverages. | 3. On or about August 1, 2025, Mr. Perales-Trujillo used or consumed alcohol, as evidenced by his admission to the probation officer on August 6, 2025. |

***Grounds for Revocation:*** As to Allegation 3, on August 6, 2025, the undersigned spoke with Mr. Perales-Trujillo by phone. During the conversation, he advised he had been at the Mr. Tempo restaurant in El Centro, California on August 1, 2025, having dinner with his family. He indicated that while at the restaurant, he consumed two alcoholic beverages despite knowing he was not to be using or possessing alcohol or alcoholic beverages, per his conditions of supervised release.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Perales-Trujillo commenced his term of supervised release on March 8, 2022. Initially, Mr. Perales-Trujillo had compliance issues relating to his participation in treatment. Your Honor was notified of the noncompliance via a Report on Offender Under Supervision, dated December 13, 2022.

After the treatment noncompliance, Mr. Perales-Trujillo appeared to stabilize and began to demonstrate satisfactory compliance on supervised release. His compliance, however, eventually began to wane.

On September 30, 2024, the probation officer submitted a report to the Court, informing of Mr. Perales-Trujillo's noncompliance relating to: failure to report a change in residence and employment, failure to enroll in a GED program, association with a felon, and failure to provide financial information, as requested by the probation officer. The Court was also informed that Mr. Perales-Trujillo was arrested in June 2024 but failed to report the arrest to the probation officer. To address the noncompliance, the probation officer recommended Mr. Perales-Trujillo's conditions of supervision be modified to include a 90-day punitive RRC placement. Your Honor concurred with the recommendation and ordered the 90-day RRC placement.

On November 2, 2024, Mr. Perales-Trujillo was arrested for driving under the influence of alcohol. Your Honor was notified of the noncompliance via a request to modify his conditions of supervision. Specifically, the probation officer requested Your Honor impose a 60-day punitive RRC placement. Your Honor concurred with the probation officer's request and modified the conditions of release to include the punitive RRC placement.

As noted above, in response to his previous noncompliance, Mr. Perales-Trujillo's conditions of supervised release have been modified on two different occasions by Your Honor to enforce punitive placements at the local halfway house. To his credit, Mr. Perales-Trujillo completed both placements, causing the undersigned to believe he had all intentions to reestablish compliance. Regrettably, Mr. Perales-Trujillo he now finds himself with yet another arrest for driving under the influence of alcohol during his supervision term.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Perales-Trujillo is a 28-year-old male, who resides in Brawley, California, with his sister. Mr. Perales-Trujillo was ordered by the Court to complete his GED. To his credit, he has spent a lot of the last year participating in said program; however, since the commencement of the fall semester, he has yet to provide proof of reenrollment.

Mr. Perales-Trujillo has a criminal record that reflects a prior conviction for transportation of aliens. It should also be noted that contact with the Imperial County Superior Court resulted in the findings that the Imperial County District Attorney's Office has yet to file on the driving under the influence case from November 2, 2024.

Mr. Perales-Trujillo has a substance abuse history that involves marijuana and cocaine usage.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 3 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (Not commit another federal, state or local crime, and not use or possess alcohol or alcoholic beverages) constitute Grade C violations. USSG §7B1.1(a)(3)(A), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category II (determined at the time of sentencing) establishes an **imprisonment range of 4 to 10 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 36 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

Mr. Perales-Trujillo has now sustained two arrests for driving under the influence of alcohol since 2024. Mr. Perales-Trujillo has been made aware numerous times that he is to refrain from the consumption of alcohol and continues to use the substance despite the potential consequences. For this reason, it is believed he is a risk to the community and himself. Therefore, a bench warrant is respectfully recommended.

## RECOMMENDATION/JUSTIFICATION

Mr. Perales-Trujillo began having compliance issues shortly after the commencement of his supervision term. He then appeared to stabilize and complied with all directives, reported as directed, and tested negative for any illicit substances.

However, in September 2024, the Court was informed Mr. Perales-Trujillo failed to report an arrest, associated with a felon, and incurred various other violations. In response to the noncompliance, the Court ordered a 90-day punitive RRC placement. In December 2024, the probation officer notified the Court that Mr. Perales-Trujillo was arrested in November 2024 for driving under the influence of alcohol, a matter that has yet to be filed with the Imperial County Superior Court. In response to the noncompliance, the Court ordered a 60-day punitive RRC placement, converting the original 90-day placement to a 150-day placement. It appears community-based interventions have been ineffective, as Mr. Perales-Trujillo now finds himself with yet another arrest for the same dangerous conduct. Mr. Perales-Trujillo's behavior is very concerning to the undersigned. His reckless behavior has the potential to cause serious harm, and it appears he has not taken all opportunities presented to him by Your Honor seriously.

For those reasons, the undersigned recommends that Mr. Perales-Trujillo be sentenced to 4 months' custody, with 2 years of supervised release to follow. Additionally, it is recommended that all previous conditions of supervision be reimposed, including the condition requiring participation in a program of drug or alcohol abuse treatment. The probation officer also recommends Mr. Perales-Trujillo be ordered to abstain from the use and possession of alcohol, and that he participate in an alcohol monitoring program for a period of 90 days. It is hoped that Mr. Perales-Trujillo is able to see the seriousness of this matter and make a change to not only return to compliance, but to no longer be a threat to the community.

The wording for the additional special conditions of supervision is as follows:

- Offender must submit to an alcohol monitoring device that measures alcohol content for a period of 90 days. Offender shall pay all or part of the costs for this service as directed by the court and/or the probation officer. Offender must not obstruct or tamper, in any way, with the device.

- Abstain from the use and possession of any and all alcohol, and not be present in (or frequent) places where alcohol is the main item of sale.

- Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:  September 9, 2025**

Respectfully submitted:                                    Reviewed and approved:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by  _____            _____
Aryana Singh                                              Lorena González
U.S. Probation Officer                              Supervisory U.S. Probation Officer
(760) 339-4204

## VIOLATION SENTENCING SUMMARY

1. **Defendant:**  Perales-Trujillo, Brendon

2. **Docket No.** (Year-Sequence-Defendant No.)**:**  22CR10049-001-RBM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violation(s) | Grade |
|---|---|
| Not commit another federal, state or local crime | C |
| Not use or possess alcohol or alcoholic beverages | C |
| | |
| | |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                    [    C    ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                        [    II    ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                    [    4 to 10 months    ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

|  |  |  |  |
|---|---|---|---|
| Restitution ($) | | Community Confinement | |
| Fine($) | | Home Detention | |
| Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

_____X_____ AGREE. A BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____


_____                    9/9/2025
The Honorable Ruth B. Montenegro                              _____
U.S. District Judge                                           Date

AD